UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| RAPHEL UNTEEKE DENNIS, | ) |
| Petitioner, | ) ) ) |
| v. | ) Case No. CIV-19-381-G ) |
| SCOTT CROW, | ) ) |
| Respondent.[1] | ) ) |

# ORDER

Petitioner Raphel Unteeke Dennis, a state prisoner, filed this action pursuant to 28 U.S.C. § 2254 seeking habeas relief. *See* Pet. (Doc. No. 1). The matter was referred to Magistrate Judge Bernard M. Jones for initial proceedings in accordance with 28 U.S.C. § 636(b)(1)(B) and (C). On June 10, 2019, Judge Jones ordered Petitioner to show cause why the Petition should not be dismissed as untimely. *See* Doc. No. 8. Petitioner responded on June 20, 2019. *See* Doc. No. 11. Judge Jones then issued a Report and Recommendation ("R. & R.," Doc. No. 12) recommending that the Petition be summarily dismissed under Rule 4 of the Rules Governing § 2254 Cases in the U.S. District Courts.

Petitioner has filed a timely written Objection (Doc. No. 13). Thus, the Court must make a de novo determination of the portions of the R. & R. to which a specific objection has been made, and the Court may accept, modify, or reject the recommended decision in whole or in part. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).

---

[1] Scott Crow, the Interim Director of the Oklahoma Department of Corrections, is hereby substituted as Respondent in this action. *See* Fed. R. Civ. P. 25(d).

Upon de novo review of the record, the Court concurs with Judge Jones' suggested disposition of this matter. The Petition is subject to the one-year statute of limitations established by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2244(d)(1). Judge Jones reviewed the timeliness of the Petition under subsection § 2244(d)(1)(A) and found that under that statutory provision the Petition was untimely filed and, further, that neither statutory nor equitable tolling applied. *See* R. & R. at 3-5. Petitioner's Objection does not object to any of these findings or assert an allegation of actual innocence.

Rather, Petitioner's Objection, liberally construed, argues that the timeliness of his Petition should be measured pursuant to 28 U.S.C. § 2244(d)(1)(D) and that, in conjunction with the time allowed by statutory tolling, his pleading was timely filed. *See* Pet'r's Obj. at 1-7. The Court has carefully considered this argument but rejects it as meritless.

Under AEDPA, "[a] 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2244(d)(1). "The limitations period generally runs from the date on which the state judgment became final after direct appeal, *see* [28 U.S.C.] § 2244(d)(1)(A), but is tolled during the time state post-conviction review is pending, *see id.* § 2244(d)(2)." *Preston v. Gibson*, 234 F.3d 1118, 1120 (10th Cir. 2000). In contrast to § 2244(d)(1)(A), § 2244(d)(1)(D) prescribes that AEDPA's one-year limitations period shall run from "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D).

Petitioner essentially argues that the state trial court issued two rulings—one before and one after his conviction in June 2015—and that these rulings (aspects of which are alleged to be fraudulent) constitute "newly discovered evidence" whose issuance commenced his one-year limitations period under § 2244(d)(1)(D). *See* Pet'r's Obj. at 3-7; *id.* Exs. 1, 2 (Doc. Nos. 13-1 (state-court order of June 11, 2015), 13-2 (state-court order of November 24, 2015)). Petitioner contends that he should be found to have discovered "the factual predicate" "of the claim or claims presented" for habeas review when he received the later ruling, i.e. shortly after November 24, 2015. 28 U.S.C. § 2244(d)(1)(D).

But the state-court rulings highlighted by Petitioner, both of which address procedural docketing matters and the later of which was issued *after* the entry of his pleas on June 15, 2015, do not reasonably appear to create the "factual predicate" of his § 2254 claims, which properly challenge only the validity of his state-court convictions and sentence and not later proceedings. *See* Pet'r's Obj. at 3-7; *see also* 28 U.S.C. § 2254(a); *cf. Sellers v. Ward*, 135 F.3d 1333, 1339 (10th Cir. 1998) (noting that a state court's alleged errors during postconviction review are errors of state law and not cognizable in federal habeas corpus). Petitioner's vague allegation that these procedural rulings support a claim of double jeopardy and demonstrate the trial court's "bias and malicious character," and that somehow their issuance shows that he "did not believe would receive a fair and impartial trial process" and so entered certain pleas, does not sufficiently link these rulings to any proper § 2254 habeas claims or establish that application of § 2244(d)(1)(D) is warranted. Pet'r's Obj. at 3-4, 6.

Furthermore, even accepting Petitioner's argument that the issuance of the later ruling on November 24, 2015, should start his one-year deadline under § 2244(d)(1)(D), his Petition would still be untimely filed. *See* Pet'r's Obj. at 6. Assuming Petitioner's one-year AEDPA deadline began to run on November 28, 2015, *see id.* ("Petitioner was put on notice soon after November 25, 2015 . . . ."); *id.* Ex. 2, at 1; *cf.* Fed. R. Civ. P. 6(d), that period ran for 359 days before Petitioner filed an application for postconviction review on November 21, 2016, thereby beginning statutory tolling. Pet. at 3; *see* 28 U.S.C. § 2244(d)(2). The OCCA disposed of the appeal on that application on May 18, 2018, thereby restarting Petitioner's AEDPA deadline with 6 days left to file. Pet. at 6; *see Lawrence v. Florida*, 549 U.S. 327, 332 (2007) (explaining that the one-year AEDPA period is not tolled during by the filing of a motion for certiorari in the U.S. Supreme Court after the state courts' postconviction review is complete). Petitioner's pleading was not filed until 342 days after that restart date, on April 25, 2019. *See* Pet. at 15. The Petition therefore would be untimely and subject to dismissal on that basis.

## CONCLUSION

Accordingly, the Report and Recommendation (Doc. No. 12) is ADOPTED in its entirety. Petitioner's pending motion (Doc. No. 10) is denied as moot, and this action is DISMISSED as untimely filed.

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, the Court must issue or deny a certificate of appealability ("COA") when it enters a final order adverse to a petitioner. A COA may issue only upon "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "When

4

the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). Upon consideration, the Court finds the requisite showing is not met in this case. Therefore, a COA is denied.

The Clerk of Court is directed to serve copies of the Petition and this Order on Respondent and on the Attorney General of the State of Oklahoma through electronic mail sent to fhc.docket@oag.state.ok.us. *See* R. 4, R. Governing § 2254 Cases in U.S. Dist. Cts.

IT IS SO ORDERED this 27th day of August, 2019.

CHARLES B. GOODWIN
United States District Judge

5